IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEJERILYN KING HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  2:16cv130-JEM |
| | ) | (WO) |
| CITY OF TROY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the plaintiff's "Rule 26(d)(1) motion to alter or be exempted from Rule 26(d)(1)'s restriction" (doc. # 23) filed on March 18, 2016.  The plaintiff seeks to conduct discovery prior to the FED.R.CIV.P. 26(f) conference required by FED.R.CIV.P. 26(d)(1).[1]  The defendants oppose the plaintiff's attempt to seek expedited discovery. *See* Doc. # 29.  For the reasons which follow, the plaintiff's motion is due to be denied.

A brief history of this case is necessary for resolution of the plaintiff's pending motion.  The plaintiff, Dejerilyn King Henderson ("Henderson"), is a city councilwoman representing District 5 on the Troy City Council.  She opposed the selection of a candidate for appointment as the next Fire Chief of the Troy Fire Department.  An unsuccessful candidate for the fire chief position sued the City and the City Council alleging a violation

---

[1] FED.R.CIV.P. 26(d)(1) provides in pertinent part that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order."

of Alabama's Open Meetings Act, ALA CODE § 36-25A-1, et seq., in the selection of the Fire Chief.  The plaintiff supported the unsuccessful candidate in his litigation against the City and the City Council.

Henderson brought suit in this court alleging that she was denied notice of and participation in meetings, discussions, and communications by the Council related to that pending litigation.  On March 10, 2016, Henderson filed a motion to disqualify the defendants' counsel "due to a conflict of interest that exists pursuant to Rule 3.7 of the Alabama Rules of Professional Conduct - Lawyer as Witness." (Doc. # 21).  In her motion to disqualify, Henderson asserts that defense counsel are "essential witnesses" to the "pattern, policy, and practice of excluding [her] from meeting(s) and deliberation(s) pertaining to any litigation that sheds light on [the defendants] violating the Alabama Open Meetings Act." (Doc. # 21 at 6).  According to Henderson, all of the attorneys representing the defendants should be disqualified "because their testimony is essential to show the state of mind and pattern and practice of Defendants illegally excluding Plaintiff from meetings and deliberations." (*Id*. at 7).

In her motion regarding FED.R.CIV.P. 26(d)(1), Henderson asserts that she needs "to be exempted" from "the restrictions" of the rule and permitted to conduct early discovery because she is "entitled to the items requested in the attached subpoena duces tecums in order to support her motion to disqualify." (Doc. # 3 at ¶ 14).

Courts typically require a showing of good cause in determining whether to grant a

party's request for early discovery. *Nu Image, Inc. v. Does 1-23,322*, 799 F. Supp. 2d 34, 36 (D.D.C. 2011). *Platinum Manufacturing International, Inc. v. Uninet Imaging, Inc.*, 2008 WL 927558, *1 (M.D. Fla. April 4, 2008) (No. 8:08-cv-310-T-27MAP). Relying on Rule 3.7 of Alabama's Rules of Professional Conduct, Henderson contends that defense counsel should be disqualified because they have become essential witnesses. Rule 3.7 prohibits a lawyer from acting "as advocate at a trial in which the lawyer is likely to be a necessary witness." ALA. RULES OF PROF'L CONDUCT RULE 3.7.

First, the Rule prohibits counsel from acting as advocates *at trial*. This case is at an early stage. The rule is simply inapplicable at this juncture. Next, and more importantly, Henderson has failed to demonstrate that counsel are necessary witnesses. In her amended complaint, Henderson states that

> [p]rior to Defendants Council Members voting to make the appointment for the next fire chief for the City of Troy, Plaintiff requested that Defendants Council Members expand the application process for appointment to include a larger statewide or potential nationwide applicant pool. Plaintiff also requested that Defendants Council Members allow more time for applicants from a statewide or potential national applicant pool to apply for the position of fire chief.

(Doc. # 20 at 2, ¶ 9).

As set forth in her amended complaint, other persons were present during the meetings about which she complains. The existence or conduct of such meetings can be shown by other persons present, and, thus, the plaintiff has failed to demonstrate that the defendants' lawyers are necessary witnesses. If the defendants' state of mind is relevant, the defendangts

are the proper source of that information.  Henderson has presented the court with no reason to interfere with the normal process of litigation.  Consequently, the court concludes that she has failed to demonstrate good cause necessary to require early discovery.

Accordingly, it is

ORDERED that the "Rule 26(d)(1) motion to alter or be exempted from Rule 26(d)(1)'s restriction" (doc. # 23) be and is hereby DENIED.

Done this 4th day of August, 2016.

       /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE